PEOPLE *v.* HOPPER

OPINION OF THE COURT

1. SEARCHES AND SEIZURES — WEAPONS — LOCATION — OFFICER'S SENSES.

No unreasonable search occurred when a police officer found a weapon in plain view, through the exercise of his sense of sight and not by a physical search.

2. CRIMINAL LAW—EVIDENCE—EXTRAJUDICIAL STATEMENTS—ADMISSIBILITY.

Once any part of a defendant's extrajudicial statement is testified to, the jury is entitled to have the entire statement.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  47 Am Jur, Search and Seizure § 54.
[2]  29 Am Jur 2d, Evidence § 535.
     30 Am Jur 2d, Evidence § 1134.
[3]  29 Am Jur 2d, Evidence § 536.
[4]  29 Am Jur 2d, Evidence § 327.
[5]  21 Am Jur 2d, Criminal Law § 314.
     29 Am Jur 2d, Evidence § 614.
     Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation.   10 ALR3d 1054.
[6]  29 Am Jur 2d, Evidence §§ 582, 612.

3. Criminal Law—Evidence—Extrajudicial Statements—Voluntary Statements—Other Crimes—Admissibility.

> Voluntary extrajudicial statements of a defendant are always admissible and a jury may give those statements such credit as they think those statements are entitled to even though a part of defendant's statement may tend to show the commission of other crimes.

4. Trial—Criminal Law—Evidence—Extrajudicial Statements—Prior Convictions—Admissibility.

> Police officer's testimony of how he overheard defendant admit prior convictions to the prosecuting attorney was properly received where defendant was notified before trial that his admission would be used against him but he did not move to suppress it, he testified regarding his prior convictions, and the jury was instructed that defendant's prior record could only be considered as affecting his credibility, not his guilt or innocence (GCR 1963, 785.5[3]).

5. Criminal Law—Extrajudicial Statements—Right to Counsel—Waiver—Evidentiary Hearing.

> An accused must be fully informed of his right to have retained or appointed counsel present during in-custody interrogation and when he makes an extrajudicial statement, consequently, where the record fails to show that a defendant was so informed, an evidentiary hearing must be held to determine whether the accused voluntarily waived his right to have counsel after he was fully advised of his rights.

Dissenting Opinion

Quinn, J.

6. Criminal Law—Evidence—Extrajudicial Statements—Voluntariness—Hearing—Propriety.

> *An evidentiary hearing is not required to determine the voluntariness of a defendant's extrajudicial statement where that statement is not a confession of guilt but is merely an admission that he had prior criminal convictions and that he would not have been involved in the crime charged if he hadn't been drinking.*

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 April 10, 1969, at Grand Rapids. (Docket No. 4,848.) Decided February 3, 1970.

Charles Ray Hopper was convicted by a jury of armed robbery. Defendant appeals. Remanded for a *Walker* hearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald M. Goodwillie, Jr.,* Prosecuting Attorney, for the people.

*E. C. Sievers,* for defendant on appeal.

Before: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

T. M. BURNS, J.   The defendant was charged with committing armed robbery in violation of CL 1948, § 750.529 (Stat Ann 1969 Cum Supp § 28.797) and found guilty as the result of a jury trial April 18, 1967.   The defendant claims on appeal that errors were committed in the admission of evidence by the trial judge.   He also claims he was denied the right to effective counsel.

The trial court, in deciding against defendant's motion for new trial, found that the shotgun which was introduced into evidence at trial was not located by an unreasonable search, and, consequently, it was not error to allow it to be introduced.   We find that the record supports this ruling of the court below. The weapon was in plain view.

It was located not by a search but merely by the exercise of the officer's senses.   We agree with the trial court, therefore, on the basis of *People* v. *Mallory* (1966), 2 Mich App 359, that there was no search.

Defendant contends that it was reversible error to permit a police officer to testify over defendant's objection as to the admission which the officer overheard the defendant give to the prosecuting attorney.

The defendant objects to the admission of his statement and would have us strike that portion of it which concerns his prior convictions. The rule in this state is clear, however, and once any part of the statement is testified to, the jury is entitled to have the entire statement. *People* v. *McElheny* (1922), 221 Mich 50. Voluntary statements are always admissible and the jurors may give them such credit as they think them entitled to, even though a part of the statement may tend to show the commission of other crimes. See 1 Gillespie *Michigan Criminal Law & Procedure,* § 465, p 576. See also *People* v. *Farrell* (1904), 137 Mich 127.

Before trial, the defendant was notified that his statement would be used against him and he did not move to suppress under GCR 1963, 785.5(3),[1] 376 Mich xlv. In any event, the defendant took the stand and testified as to his past record. Further, the jury was instructed that his prior record could only be taken into account regarding his credibility, not his guilt or innocence.

There is here, however, a further question involving scope of the right to counsel under *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) and *People* v. *Whisenant* (1968), 11 Mich App 432. This case is strikingly similar to the *Whisenant* case in that although defendant was informed of his right to counsel, ". . . nowhere does it appear (in the record) that he was informed of his right to have counsel, retained and appointed present during questioning and the giving of his statement." *People* v. *Whisenant* (supra, p 437).[2]

---

[1] New, effective July 27, 1965; repealed, effective June 8, 1967.

[2] See also *People* v. *Whisenant* (1969), 19 Mich App 182; (On Rehearing, 1970), 21 Mich App 518, for continuing vitality of this rule in face of Federal Omnibus Crime Control Act. Title II, 18 USC § 3501.

We feel constrained to remand for a *Walker* hearing on the question of whether there was a voluntary waiver of right to counsel after being fully informed of his right to have such counsel present at questioning in line with *Miranda* v. *Arizona, supra,* and the decisions of this court.[3]

Remanded for a *Walker* hearing.

Holbrook, J., concurred.

Quinn, P. J. (*dissenting*). I agree with all points expressed in the majority opinion, except the final one. I cannot agree that a remand for a *Walker* hearing is required on the facts of this case. *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974), *People* v. *Whisenant* (1968), 11 Mich App 432, and *People* v. *Walker* (*On Rehearing,* 1965), 374 Mich 331, must be read in context with what was involved in those cases. In each it was a confession of guilt. Here the admission for which the majority remand for a determination of its voluntariness is

"I overheard the defendant, Charles Hopper, say that he had served three different hitches or terms in prison in Wyoming and Colorado, and he would not have been involved this evening had he not been drinking."

I vote to affirm.

---

3 See *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.