### PEOPLE v. SULLIVAN

CRIMINAL LAW—MISTRIAL—PREJUDICE—PREVIOUS IMPRISONMENT.
  Denial of a mistrial was error where, on the facts of the case,
  the trial court could not, by cautionary instructions, eradicate
  the prejudice in the minds of the jury which resulted when a
  prosecution witness, on direct examination, made known the
  fact that the defendant had previously been in prison and
  that fact was irrelevant and immaterial.

Appeal from Calhoun, Ronald M. Ryan, J. Submitted Division 3 February 4, 1971, at Grand Rapids. (Docket No. 8024.) Decided March 30, 1971.

Gilbert Sullivan was convicted of robbery armed. Defendant brings a delayed appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John M. Jereck,* Prosecuting Attorney, for the people.

*Edward J. Hackett,* for defendant on appeal.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant Gilbert Sullivan was tried by a jury and on April 11, 1966, he was con-

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 320 *et seq.*

victed of robbery armed, a violation of MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). The defendant did not take the stand in his own defense. He was subsequently sentenced to serve 10 to 20 years in the state prison. Delayed leave having been granted, defendant now appeals from the decision of the court.

It is argued that references by one of the prosecution's witnesses to defendant's previous imprisonment was so prejudicial that the trial court erred in denying a motion for mistrial. It is a well-recognized rule in Michigan that it is highly prejudicial for the jury to be informed of a previous conviction of the defendant. *People* v. *Fleish* (1948), 321 Mich 443; *People* v. *Greenway* (1962), 365 Mich 547.

Based on the record before us, we concur with the Court in *United States* v. *Smith* (CA6, 1968), 403 F2d 74, 77, which also addressed itself to remarks concerning the defendant's previous imprisonment. In its opinion, the Court stated:

"We conclude that in this case the cautionary instructions of the trial judge could not eradicate the prejudice from the minds of the jurors. This is not to hold that in all cases cautionary instructions are not effective to cure defects in trial procedure."

The instruction, in view of the facts of this case, was insufficient to remove any possible prejudice which might have existed in the jurors' minds.

Reversed and remanded.