PEOPLE v THOMAS JONES

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—AF-
   FIRMATIVE EXCLUSION.

   There is affirmative exclusion of lesser included offenses if (1)
   there is no request for instruction on lesser included offenses,
   (2) there is evidence on the record to support a conviction on a
   lesser offense so that, if requested, it would have been error to
   refuse to instruct on it, and (3) the court affirmatively excludes
   the jury from considering lesser offenses.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—AF-
   FIRMATIVE EXCLUSION—ERROR.

   Affirmatively excluding from the jury's consideration all possible
   verdicts except guilty or innocent of a principal charge of
   armed robbery was reversible error where the defendant did
   not claim he was not at the scene of the crime, but argued that
   there was no robbery and no weapon; the jury has the right to
   reject either or both of these allegations and could have found
   defendant guilty of the lesser included offense of unarmed
   robbery (MCLA 750.529).

3. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—PRIOR CONFINE-
   MENT—ERROR.

   Introduction at a criminal trial of evidence of prior conviction or
   confinement which is immaterial to the case being tried is
   reversible error.

4. CRIMINAL LAW—EVIDENCE—CRIMINAL RECORD—PREJUDICE.

   Reading into evidence a defendant's preliminary examination
   testimony where he testified that he had a prior criminal
   record was reversible error where defendant did not testify at
   trial because defendant's credibility was not in issue and prior
   convictions were inadmissible for impeachment purposes,
   where the evidence pertaining to defendant's prior record did

REFERENCES FOR POINTS IN HEADNOTES

[1,2] 53 Am Jur, Trial §§ 579, 639–645.

[3] 21 Am Jur 2d, Criminal Law § 585, 30 Am Jur 2d, Evidence
§ 1175.

[4] 29 Am Jur 2d, Evidence §§ 253, 260.

not divulge the issues of motive, intent, design, or knowledge, and were inadmissible on these grounds; there can be no claim of inadvertence by the prosecution in the admission of the prior record where the testimony had been seen and reviewed by the prosecutor prior to trial, since the prosecutor well knew the prejudicial effect of the testimony he was reading into evidence (MCLA 600.2158).

Appeal from Oakland, William J. Beer, J. Submitted Division 2 June 19, 1973, at Lansing. (Docket No. 14432.) Decided July 24, 1973.

Thomas P. Jones was convicted of armed robbery. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *T. S. Givens,* Assistant Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

McGREGOR, J. Defendant appeals a jury verdict of guilty on a charge of armed robbery, MCLA 750.529; MSA 28.797, and the ensuing sentence of 4 to 14 years in prison.

At trial, the complaining witness testified that he had been drinking in a bar, that he had known this defendant since childhood, that he saw the defendant in the bar and offered to pay him a dollar for a ride home. A little later, the complaining witness and the defendant left the bar, together with a woman and another unidentified

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

man. The complainant agreed to the defendant's suggestion that they stop at a house at 184 Hughes Street before taking the complainant home, but declined to accompany the others into the house, and after waiting in the car for a few minutes, he began to walk home. Complainant heard someone yell to him and, as he turned, was struck with a blunt instrument. Complainant testified that, after being struck, he was beaten by four persons, this defendant, the woman, and two unidentified men, and that while he was on the ground, his wallet was stolen with its contents of $80. The complainant also testified that when he arose, he saw one of the unidentified men holding a pistol.

Defendant did not testify at trial, but his testimony from the preliminary examination was introduced into evidence by the prosecution. Differing from complainant's in many respects, defendant testified that on the evening in question, complainant was drunk and offered to pay defendant's girl friend for sexual activity; that defendant agreed to take the complainant and the girl friend to the complainant's house; that on the way, they stopped at the house on Hughes Street where defendant hoped to collect some money owed to him by the occupant of the house. Defendant further alleged that after he had gone into the house, his girl friend entered and asked for ten dollars to make change for the complainant's twenty-dollar bill; she took the money out to the car, gave it to the complainant, who then jumped out of the car and ran away. The girl came back into the house, related what happened to the defendant, and defendant chased after the complainant; upon overtaking the complainant, the defendant began beating the complainant in an effort to get his money back. Defendant empha-

sized that he chased and beat the complainant alone, and that there was no gun involved.

Proofs introduced by the prosecution included photographs taken of the complainant on the day after the beating, for the purpose of proving the beating, although this fact had been admitted by both parties.[1] In addition, the testimony taken from the defendant at the preliminary examination was introduced, which included a reference to defendant's prior criminal record. Defendant did not testify at trial.[2]

The trial court instructed the jury that only two verdicts were possible: either guilty or not guilty of armed robbery. This instruction precluded the jury from considering a verdict as to any lesser included offenses.

Defendant first contends that it was error for the trial court to exclude lesser included offenses from the jury instructions.

There are several. It is established Michigan law that there is affirmative exclusion of lesser included offenses if (1) there is no request for instruction on lesser included offenses, (2) there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it, and (3) the court affirmatively excludes the jury from considering lesser offenses. Here, each of these factors was present and failure to so instruct the jury was error. See *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970); *People v Roshinsky,* 37 Mich

---

[1] The trial record fails to reveal any objection by defense counsel to the admission of the two photographs showing complainant's physical condition on the day after the robbery on the basis that they were inflammatory or potentially prejudicial.

[2] The trial record fails to reveal that any objection by defense counsel was made concerning the introduction into evidence of reference to the defendant's prior criminal record or a motion for mistrial or request for curative instruction based on such introduction.

App 754; 195 NW2d 282 (1972); *People v Olsen,* 39 Mich App 1; 197 NW2d 87 (1972); *People v Bukoski,* 41 Mich App 498; 200 NW2d 373 (1972).

This Court has defined "no evidence tending to support such offenses" in *People v Stram,* 40 Mich App 249, 254; 198 NW2d 753, 756 (1972):

> "There is no evidence tending to support a lesser included offense unless a question of fact exists with regard to an element of the greater offense that is not an element of the included offense, *People v Loncar,* 4 Mich App 281, 289, 290 [144 NW2d 801, 805] (1966).
>
> "When does a question of fact exist? If there is conflicting evidence relating to the element of the greater offense that is not an element of the lesser offense, there is a question of fact as to that element. Conflicting evidence may arise from contradictory evidence, inconsistent evidence, or specific testimony that is impeached on cross-examination. Credibility of witnesses and proof beyond a reasonable doubt are not to be equated with conflicting evidence. These issues are present in every criminal trial and they relate to the question of whether or not an element of the crime has been proved at all. Credibility or reasonable doubt are bases for a jury finding of not guilty as charged even in the face of uncontradicted evidence. Neither furnishes any logical basis for an affirmative finding of guilt as to a lesser included offense."

Defendant did not testify. His testimony, taken at the preliminary hearing, was read into evidence. His version of the assault was that the complainant had taken money from the defendant's girl friend, and that the defendant was fighting with the complainant in an effort to retrieve his money; he stressed the fact that he had no gun.

Unarmed robbery is a lesser included offense of armed robbery. *Mullreed v Kropp,* 425 F2d 1095 (CA 6, 1970). Assault with intent to rob, being

armed, is also a lesser included offense. *People v Henderson,* 22 Mich App 128; 177 NW2d 254 (1970). Also, larceny from a person is an included offense of armed robbery, *People v Jessie Williams,* 14 Mich App 186; 165 NW2d 296 (1968), as is assault and battery, *People v Allie,* 216 Mich 133; 184 NW 423 (1921).

This issue refines itself to the question of whether there was sufficient evidence in the record for possible conviction of any of the lesser included offenses.

On a charge of a completed armed robbery, defendant testified that there was no weapon involved.

"The defendant was charged with armed robbery and interposed the defense of alibi. A defense of alibi, *per se,* does not mean that a defendant may not be convicted of a lesser offense. A jury may disbelieve a defendant's alibi but nevertheless find that a disputed element of the principal charge was not proven." *People v Membres,* 34 Mich App 224, 232, fn 7; 191 NW2d 66, 69, fn 7 (1971).

Defendant in the instant case did not claim he was not at the scene of the crime, but argued that there was no robbery and no weapon. A jury has the right to reject either or both of these allegations. Defendant could have been found guilty of the lesser included offense of unarmed robbery.

The trial court committed reversible error in affirmatively excluding from the jury's consideration all possible verdicts except guilty or innocent of the principal charge.

Defendant further contends that it was error to admit into evidence his prior criminal record when he did not take the witness stand.

The following dialogue appears in the testimony

taken from the defendant at his preliminary examination:

> "*Q.* You have a record?
> "*A.* Yes.
> "*Q.* Have you ever been involved before?
> "*A.* Yes, sir.
> "*Q.* Are you telling the truth?
> "*A.* Yes."

When the defendant does not take the witness stand in his own behalf, Michigan courts have clearly held that reversible error occurs upon the introduction at trial of prior conviction or confinement evidence which is immaterial to the case being tried. *People v Greenway,* 365 Mich 547; 114 NW2d 188 (1962); *People v Camel,* 11 Mich App 219; 160 NW2d 790 (1968); *People v Van Wie,* 17 Mich App 77; 169 NW2d 160 (1969); *People v McPherson,* 21 Mich App 385; 175 NW2d 828 (1970); *People v Sullivan,* 32 Mich App 181; 188 NW2d 247 (1971); *United States v Smith,* 403 F2d 74 (CA 6, 1968). The prosecution does not argue that the reference was not error, but asserts that defendant failed to preserve this issue for appeal. Defendant's credibility was not in issue and prior convictions were inadmissible for impeachment purposes. Furthermore, the evidence pertaining to defendant's prior record did not divulge the issues of motive, intent, design, or knowledge, and were thus inadmissible on these grounds. MCLA 600.2158; MSA 27A.2158. There can be no claim of inadvertence by the prosecution in the admission of defendant's prior record, as the testimony from the preliminary examination had been seen and reviewed by the prosecutor prior to trial. The course of action at trial, where such a reference is hoped for or the response is calculated by the

prosecutor, has been severely condemned. *People v Greenway, supra; People v Camel, supra.*

Reversal in this case is inevitable, since the prosecutor well knew the prejudicial effect of the testimony he was reading into evidence.

Finally, defendant contends that reversible error occurred because, during sentencing, the trial court took into consideration his juvenile record. Our Supreme Court has granted leave to appeal in *People v McFarlin,* 388 Mich 761 (1972), to resolve this issue. We, therefore, choose not to pass upon this issue at the present time.

Defendant's other allegations of error were either not properly preserved for appeal or are without merit.

Conviction is reversed. Defendant is remanded for a new trial.

All concurred.