PEOPLE v DEBLAUWE

1. CRIMINAL LAW—EVIDENCE—RELEVANCY—JUDICIAL DISCRETION.

Decisions with respect to the relevancy of proffered evidence are within the discretion of the trial court, however such decisions will be overturned where an abuse is shown.

2. CRIMINAL LAW—EVIDENCE—JUDICIAL DISCRETION—PREJUDICE—CRIMINAL RECORD.

A trial judge abused his discretion when he denied defense counsel's motion to delete a prejudicial reference to the defendant's status as a parolee from a letter written by defendant's alleged accomplice which was introduced into evidence, and this allowed evidence of the defendant's prior criminal record to be improperly brought before the jury; such an error was beyond instructional cure.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 February 6, 1975, at Lansing. (Docket No. 18121.) Decided April 7, 1975.

Frank E. Deblauwe was convicted of larceny in a building. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Richard G. Bensinger,* Assistant Appellate Counsel, for the people.

*Faintuck, Shwedel, Roether, Wolfram & McDonald,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 249 *et seq.*
[2] 29 Am Jur 2d, Evidence § 320.

Before: BASHARA, P. J., and R. B. BURNS and M. J. KELLY, JJ.

R. B. BURNS, J. The defendant was found guilty by a jury of larceny in a building. MCLA 750.360; MSA 28.592. He raises four issues on appeal; only one has merit.

The meritorious issue concerns a letter one of defendant's alleged accomplices wrote to the owner of the stolen property. The letter exculpated the defendant, but it also mentioned defendant's status as a parolee. Defense counsel sought to have the letter admitted into evidence and to have that portion which mentioned his parolee status excised before admission. The trial judge refused to allow it. Before that portion was to be read aloud to the jury on direct and cross-examination, the defense objected and requested to have it deleted. Each time the trial judge denied the requests.

The excerpt in question was irrelevant to the content of the message conveyed in the letter, and since the defendant did not testify in his own behalf, the excerpt could not properly be introduced to impugn the defendant's credibility. *People v Sullivan,* 32 Mich App 181; 188 NW2d 247 (1971), *People v McCartney,* 46 Mich App 691; 208 NW2d 547 (1973), *People v Wallen,* 47 Mich App 612; 209 NW2d 608 (1973), and *People v Thomas Jones,* 48 Mich App 470; 210 NW2d 497 (1973).

The prosecution contends that the defendant waived his right to object to the admission of the excerpt, which was otherwise objectionable, by seeking to have any part of the letter introduced into evidence. *People v Crosby,* 19 Mich App 135; 172 NW2d 506 (1969). We do not agree.

The prosecution, in this case, was entitled only

to have such portions of the letter introduced into evidence as were relevant to what the defense attempted to prove. *People v Bowen,* 170 Mich 129, 133–137; 135 NW 824, 826–827 (1912), *Socony Vacuum Oil Co v Marvin,* 313 Mich 528, 539; 21 NW2d 841, 845 (1946), 7 Wigmore, Evidence (3rd ed), § 2113 and § 2116, pp 523–528 and p 533, and McCormick, Evidence (2d ed), § 56, pp 130–131. The fact that defendant was a parolee is irrelevant to his guilt or innocence of the charges against him or to the content of the remainder of the letter. The sole theory that could conceivably make this fact relevant would be that the knowledge of defendant's vulnerability acted as an inducement to his accomplice to lie about defendant's involvement. We believe this theory is far too tenuous to justify admitting such potently prejudicial material into evidence as a countermeasure. This is especially the case here since the prosecution could have presented the same basic impeachment theory to the jury without mentioning defendant's parolee status.

Decisions with respect to the relevancy of proffered evidence are within the discretion of the trial court; however such decisions will be overturned where an abuse is shown. *People v Harrell,* 54 Mich App 554; 221 NW2d 411 (1974). We believe that the trial judge abused his discretion when he denied defense counsel's motion to delete that portion of the letter that referred to defendant's status as a parolee. The trial judge's decision allowed evidence of defendant's prior criminal record to be improperly brought before the jury. Such an error is beyond instructional cure. *Sullivan, supra, Wallen, supra, McCartney, supra,* and *Jones, supra.*

Reversed and remanded for a new trial.