PEOPLE v McCARVER (ON REMAND)

Docket No. 78-3537. Submitted October 5, 1976, at Grand Rapids.—
Decided November 7, 1978. Leave to appeal applied for.

Alvin L. McCarver, Jr., was convicted of possession of a controlled
substance (amphetamines) in Berrien Circuit Court, Chester J.
Byrns, J. Defendant appealed, and the Court of Appeals re-
versed and remanded for a new trial, 72 Mich App 311; 249
NW2d 403 (1976). The people applied for leave to appeal to the
Supreme Court. Leave was granted and the decision of the
Court of Appeals was reversed by the Supreme Court and the
case was remanded to the Court of Appeals "[F]or consideration
of the question of whether the testimony of the Federal agent
and the state police detective, standing alone, or when com-
bined with other issues raised by the defendant in the Court of
Appeals but not discussed by that Court, served to deny the
defendant a fair trial." 403 Mich 376; 269 NW2d 186 (1978).
The issues considered, on remand from the Supreme Court, are
(1) whether defendant was deprived of a fair trial by testimo-
nial references to the fact that he had a previous conviction
and to unspecified, uncharged criminal activity, and (2)
whether defendant was deprived of a fair trial by the fact that
four of the members of the jury which decided his guilt had
also been members of the jury which convicted Ricky Miller, a
defense witness, for arson. *Held:*

1. A Federal agent, in response to a prosecutorial inquiry
concerning what the authorities were looking for when the
search warrant was executed, responded: "We are searching for
firearms which were illegal by virtue of their possession by Mr.
McCarver who was a convicted felon and certain narcotics or
suspected narcotic substances." This resulted in reversible er-
ror. Reversible error occurs where an officer brings out the fact
that a defendant has previously been convicted or charged with
crime, even if his answer could be considered nonresponsive.

Other separate references to uncharged or unspecified crimi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 797-799.
[2] 29 Am Jur 2d, Evidence §§ 320, 321, 327.
[3] 29 Am Jur 2d, Evidence §§ 262, 263.
[4] 47 Am Jur 2d, Jury §§ 306, 308-310.

nal activity all occurred in trying to prove or disprove that defendant's name was brought to the authorities' attention by incarcerated persons or in attempting to show the bias of the defense witnesses. This testimony was admissible. Evidence that is competent and relevant for a trial purpose is admissible, notwithstanding the fact that it may be inadmissible if introduced for another purpose.

2. A defendant is not deprived of a fair trial by the fact that prospective jurors had been members of a panel which convicted a defense witness for another crime where during voir dire the court satisfied itself that the jurors could impartially deal with the testimony of this witness and defense counsel made no attempt to challenge these jurors either for cause or peremptorily.

Reversed and remanded.

1. WITNESSES—CRIMINAL LAW—POLICE OFFICERS—PREVIOUS CRIMINAL ACTIVITY—PREJUDICE—ERROR.

Prosecutors and police officers have a special obligation not to venture into forbidden areas of testimony which may prejudice the defense; reversible error occurs where an officer brings out the fact that a defendant has previously been convicted or charged with crime, even if the answer could be considered nonresponsive.

2. CRIMINAL LAW—EVIDENCE—DEFENDANT'S PRIOR RECORD—ADMISSIBILITY—IMPEACHMENT—COURTS—COURT OF APPEALS.

The Court of Appeals has consistently condemned bringing a defendant's prior record to the jury's attention where that information is not properly admissible for impeachment purposes.

3. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

Generally, evidence that is competent and relevant for one trial purpose is admissible, notwithstanding the fact that it may be inadmissible if introduced for another purpose.

4. CRIMINAL LAW—JURY—PROSPECTIVE JURORS—VOIR DIRE—IMPARTIAL JURY—CAUSE AND PEREMPTORY CHALLENGES—FAIR TRIAL.

A defendant is not deprived of a fair trial by the fact that prospective jurors had been members of a previous jury panel which convicted a defense witness for another crime where during voir dire the court questioned each of these jurors to determine if they could impartially deal with the testimony of the defense witness in light of their prior contact with him and

each affirmed that they would consider the case and the testimony of the witness impartially, especially, where defense counsel did not attempt to challenge these jurors either for cause or peremptorily.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Sally M. Zack* and *Chris W. Dunfield,* Assistants Prosecuting Attorney, for the people.

*Taylor, Yampolsky, Struwin & Hass,* for defendant on appeal.

Before: R. B. BURNS, P.J., and T. M. BURNS and D. E. HOLBROOK, JJ.

## ON REMAND

T. M. BURNS, J. The underlying facts of this case are stated in our prior opinion, *People v McCarver,* 72 Mich App 311; 249 NW2d 403 (1976). In that initial assessment, a majority of the panel concluded that evidence of illegal marijuana possession or use by the defendant was improperly admitted in a prosecution for possession of amphetamines and reversed the conviction. On further appeal, that conclusion was held to be erroneous, *People v McCarver,* 403 Mich 376; 269 NW2d 186 (1978), and the case returned to us:

"[F]or consideration of the question of whether the testimony of the Federal agent and the state police detective, standing alone, or when combined with other issues raised by the defendant in the Court of Appeals but not discussed by that Court, served to deny the defendant a fair trial."

We proceed with that task.

Within a single issue, defendant claims he was deprived of a fair trial by testimonial references to the fact that he had a previous conviction and unspecified, uncharged criminal activity. Because different considerations apply to these points, we discuss these instances in two groups.

The first incident is described in both our earlier opinion and the opinion of the Supreme Court. In response to the prosecutor's inquiry concerning what the authorities were looking for when the search warrant was executed, the agent from the Federal Bureau of Alcohol, Tobacco & Firearms responded: "We were searching for firearms which were illegal by virtue of their possession by Mr. McCarver who was a convicted felon and certain narcotics or suspected narcotic substances."

Prior to trial, the trial court had granted defense counsel's motion to suppress reference to defendant's 1959 conviction for breaking and entering with intent to commit larceny for purposes of impeachment if defendant should choose to take the stand.

Our courts have recognized that prosecutors and police witnesses have a special obligation not to venture into forbidden areas of testimony which may prejudice the defense. If an officer brings out the fact that a defendant has previously been convicted or charged with crime, even if the answer could be considered nonresponsive, reversible error will have occurred. *People v McCartney,* 46 Mich App 691; 208 NW2d 547 (1973). This Court has consistently condemned bringing a defendant's prior record to the jury's attention where that information is not properly admissible for impeachment purposes. See, *e.g., People v Sullivan,* 32 Mich App 181; 188 NW2d 247 (1971), *People v Thomas Jones,* 48 Mich App 470; 210 NW2d 497

(1973), *People v Deblauwe,* 60 Mich App 103; 230 NW2d 328 (1975).[1]

Given the trial court's order suppressing reference to defendant's prior conviction, which was fully justified, and the special duty of prosecutors to steer police witnesses clear of just such responses, we would rest reversal squarely on this point. The fact that defendant was a convicted felon was not relevant to the issues in *this* case, regardless of any possible relevance in the Federal prosecution.

Defendant also complains of six other separate references by various prosecution and defense witnesses to uncharged or unspecified criminal activity. The thread common to each of these references is the defense theory at trial. The defense contended that defendant had been "set up" by the police or persons working for the police and did not knowingly and intentionally possess[2] a controlled substance. The complained of comments all occurred in trying to prove or disprove that defendant's name was brought to the authorities' attention by persons already incarcerated and not vice versa, or in attempting to show the possible bias of the defense witnesses. Admission of this evidence could be justified, by one theory or an-

---

[1] Different considerations might apply had the answer been in response to a question from defense counsel or had the answer come from someone other than a police officer. *See, People v Fisher,* 77 Mich App 6; 257 NW2d 250 (1977), *lv den* 402 Mich 811 (1977), *People v Chambers #1,* 64 Mich App 311; 236 NW2d 702 (1975), *lv den* 399 Mich 850 (1977).

[2] The statute provides that it is unlawful for any person knowingly or intentionally to possess a controlled substance, MCL 335.341(4)(b); MSA 18.1070(41)(4)(b). The information in this case charged that defendant did knowingly and intentionally possess a controlled substance. The trial court originally instructed the jury in accordance with the statute, but upon defendant's request instructed the jury that it would have to find the defendant knowingly and intentionally possessed a controlled substance as was charged in the information.

other, under the holding of *People v Spillman,* 399 Mich 313; 249 NW2d 73 (1976), that evidence admissible for one purpose is admissible, notwithstanding the fact that it may be inadmissible if introduced for another purpose. We would not rest reversal on these other references to criminal activity.

The final issue which must be discussed is whether defendant was deprived of a fair trial by the fact that four of the members of the jury which decided his guilt had also been members of the jury which convicted Ricky Miller, a defense witness, for arson.[3]

The fact that several prospective jurors had earlier been members of Miller's jury panel was brought to light during voir dire. The court questioned each of these jurors to determine if they could impartially deal with Miller's testimony in light of their prior contact with him. The one juror who was unsure of his impartiality was excused. The four other jurors involved each affirmed that they would consider this case and Miller's testimony impartially. Defense counsel did not attempt to challenge the remaining four jurors either for cause or peremptorily.

Defendant's only allegation is that the trial court had a duty to be assured that the jurors had not formed an opinion about the defendant from their knowledge of one of his witnesses. From our review of the record, we conclude that the trial court did exactly what defendant had asked. There was no error.

Reversed and remanded for new trial.

---

[3] Miller was one of several individuals to testify that while in jail awaiting trial on an unrelated offense, he had been approached by officers who promised him some consideration if he would aid in securing a conviction of McCarver on some unspecified charge.