PEOPLE v SMITH

Docket No. 55159. Submitted March 3, 1982, at Lansing.—Decided
October 18, 1982. Leave to appeal applied for.

Myron Smith was convicted of armed robbery following a jury
trial in the Washtenaw Circuit Court, Henry T. Conlin, J.
Defendant appeals alleging error in the trial court's determina-
tion that the prosecution could introduce evidence of the defen-
dant's admission to the police that he had been involved in
narcotics sales and several other errors. *Held:*

1. The fact that the defendant did not adopt the written
statement made by the police officer does not bar the officer
from testifying about his recollection of defendant's statement
to the police and using his notes to refresh his memory if
necessary. The admission of the defendant was properly al-
lowed into evidence as it was not hearsay.

2. The trial court correctly limited the scope of the *Walker*
hearing to the issue of whether defendant's statement was
voluntary. Once determined voluntary, however, it was admissi-
ble only if it was relevant and not unduly prejudicial.

3. A portion of a defendant's statement may be excluded by a

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses § 440 *et seq.*
Admissibility, as against interest, in criminal case of declaration of
commission of criminal act. 92 ALR3d 1164.
Refreshment of recollection by use of memoranda or other writings.
82 ALR2d 473.
Admissibility of party's own statement under Rule 801(d)(2)(A) of
the Federal Rules of Evidence. 48 ALR Fed 922.
[2] 29 Am Jur 2d, Evidence § 611 *et seq.*
What constitutes statement against interest admissible under Rule
804(b)(3) of Federal Rules of Evidence. 34 ALR Fed 412.
[3] 29 Am Jur 2d, Evidence §§ 351 *et seq.,* 612.
[4] 29 Am Jur 2d, Evidence § 251 *et seq.*
[5-8] 29 Am Jur 2d, Evidence § 320 *et seq.*
[9] 5 Am Jur 2d, Appeal and Error § 798 *et seq.*
[10] 29 Am Jur 2d, Evidence §§ 363, 364.
[11] 5 Am Jur 2d, Appeal and Error § 885.
[12] 29 Am Jur 2d, Evidence §§ 322, 367, 371, 372.
30 Am Jur 2d, Evidence § 1143.

trial judge acting in his discretion when that portion includes information that is irrelevant or unduly prejudicial.

4. The rule of evidence and case law pertaining to the admission of evidence of other crimes, wrongs, or acts apply broadly to include evidence of other crimes that is revealed in a statement made by a defendant to the police, through police records or through a victim's testimony.

5. The portion of the defendant's statement involving his possible sale of drugs should not have been admitted *in toto.* To the extent that this information bore on the credibility of the manager-trainee who identified the defendant as the customer who had attempted to sell him marijuana, this portion was highly relevant and not unduly prejudicial. Defendant's admission that he had been robbed of $80,000 worth of heroin, however, has no relevancy to the identification of the defendant as a seller of marijuana, and, therefore, the perpetrator of the robbery. Moreover, this information was highly prejudicial and should have been excluded.

6. The error in admitting reference to defendant's heroin dealings was harmless beyond a reasonable doubt. The reference was fleeting, used only for the question of identity and the jury was instructed on the limited purpose for which this testimony was admitted.

7. The prosecution did not impermissibly cross-examine defendant and two alibi witnesses about defendant's association with narcotics.

8. The prosecution properly called a second store clerk as a rebuttal witness after defendant denied attempting to sell marijuana to the store's manager-trainee.

9. The trial judge did not err in denying defendant's motion for a mistrial based on the prosecutor's improper question regarding defendant's unemployment at the time of the robbery since undue prejudice did not result.

10. The verdict was not against the great weight of the evidence.

11. Defendant was not prejudiced by the prosecutor's questioning of him concerning who actually committed the robbery.

Affirmed.

E. C. Penzien, J., concurred in the result reached by the majority but wrote separately in regard to the issue of identity. He feels that the proof of defendant's identity was not so tenuous that the trial court's error in admitting evidence that defendant had been robbed of $80,000 worth of heroin could never be considered harmless error.

OPINION OF THE COURT

1. EVIDENCE — HEARSAY — CRIMINAL LAW — DEFENDANT'S STATE-
MENTS.

A police officer is not barred from testifying about his recollection
of a defendant's statement to the police or from using his notes
to refresh his memory by the fact that the defendant did not
adopt the written statement made by the police officer.

2. EVIDENCE — HEARSAY — PARTY'S STATEMENT.

A statement is not hearsay if the statement is offered against a
party and is his own statement, in either his individual or
representative capacity (MRE 801[d][2][A]).

3. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS.

The scope of a *Walker* hearing regarding the voluntariness of a
statement given to the police is correctly limited to the issue of
whether the defendant's statement was voluntary; once the
statement is determined to be voluntary it is admissible in
evidence only if it is relevant and not unduly prejudicial.

4. CRIMINAL LAW — EVIDENCE — DEFENDANT'S STATEMENTS.

A portion of a defendant's statement may be excluded from
evidence by a trial judge acting in his discretion when that
portion includes information that is irrelevant or unduly preju-
dicial.

5. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — OTHER BAD ACTS
— RULES OF EVIDENCE.

Evidence of a defendant's bad acts other than the charged offense
is inadmissible unless it satisfies the following: (1) there is
substantial evidence that the defendant committed the previous
offense; (2) there are some special circumstances of the previous
act which are probative of the present charge; and (3) the
defendant's motive, intent, absence of mistake or accident,
scheme, plan or system are material to the defendant's guilt of
the present offense (MRE 404[b]).

6. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — OTHER BAD ACTS
— RULES OF EVIDENCE.

Case law and the rule governing the admission of evidence of
other bad acts of a defendant makes clear that the evidence
may be admitted for purposes other than to prove the character
of the defendant and the list of possible purposes for admission
found in the case law and rule is illustrative, not exhaustive
(MRE 404[b]).

7. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — OTHER BAD ACTS.

It is necessary that evidence of other bad acts of a defendant be substantial, relevant, and not unduly prejudicial to a matter which is material and in controversy in the case in order for the evidence to be admissible.

8. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — OTHER BAD ACTS — RULES OF EVIDENCE.

The rule of evidence and case law governing the admission of evidence of other bad acts apply broadly to include evidence of other crimes that is revealed in a statement made by a defendant to the police, through police records or through a victim's testimony (MRE 404[b]).

9. EVIDENCE — APPEAL.

Once error is found in the trial court's admission of evidence, the Court of Appeals must determine whether the error was harmless; this requires a dual inquiry: (1) was the error so offensive to the maintenance of a sound judicial system as to require reversal; and (2) if not, was the error harmless beyond a reasonable doubt.

10. CRIMINAL LAW — EVIDENCE — UNEMPLOYMENT — MOTIVE FOR OFFENSE.

It is improper for a prosecutor to question a defendant in a trial for armed robbery regarding the unemployment of the defendant at the time of the robbery where the intent of the questioning is to show that defendant's unemployment was a motive for the robbery.

11. CRIMINAL LAW — EVIDENCE — APPEAL.

The trier of fact in a criminal case has the right to believe or disbelieve, in whole or in part, any of the evidence presented and the Court of Appeals will not substitute its judgment for that of a reasonable trier of fact.

CONCURRENCE BY E. C. PENZIEN, J.

12. CRIMINAL LAW — EVIDENCE — PROOF OF IDENTITY — HARMLESS ERROR.

*The proof of a defendant's identity in a trial for armed robbery was not so tenuous that he could be so prejudiced by the admission of evidence of another crime that the admission of that evidence could never be considered harmless where although the crime victim gave a vague verbal description when highly traumatized emotionally, he believed that he did not need to be accurate about his verbal description since he stated*

*that he knew the defendant well and knew how to find the defendant.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *James S. Sexsmith,* Senior Assistant Prosecuting Attorney, for the people.

*William B. Hill,* for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

ALLEN, J. After a jury trial in Washtenaw County Circuit Court, defendant was convicted of robbery armed, MCL 750.529; MSA 28.797. On November 7, 1980, he was sentenced to 10-1/2 to 25 years in prison. Defendant appeals as of right.

At trial, the manager-trainee of an Ypsilanti Stop and Go store testified that in the early morning hours of June 23, 1980, a regular customer of the store brandished a knife, threatened the manager-trainee, and robbed the store of approximately $1,457. The store employee positively identified the robber as the defendant, testifying that he could make a positive identification because the defendant was a regular customer who had attempted to sell him marijuana one time in the weeks preceding the robbery.

Defendant voluntarily turned himself over to the police after learning that a warrant for his arrest had been issued. He was questioned after having been given his *Miranda*[1] warnings and he denied committing the robbery. The police testified at trial that defendant told them he would have no

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

need to commit an armed robbery since he made a lot of money selling drugs. The police also said that defendant told them he had been robbed of $80,000 worth of heroin just after the armed robbery of the Stop and Go.

Defendant raises several challenges to the trial court's determination that the prosecution could introduce evidence of defendant's admissions to the police that he had been involved in narcotics sales.

Defense counsel's motion to suppress these admissions was denied before trial, after a *Walker*[2] hearing was held and the trial judge determined that the statements had been made voluntarily. On appeal, defendant does not challenge the finding of voluntariness, but argues that the court should have (1) determined that the evidence of the narcotics dealings was inadmissible under the factors set out in *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), *rev'd on other grounds* 408 Mich 69; 288 NW2d 583 (1980), (2) found that the prejudicial impact of the evidence outweighed its probative value, or (3) ruled that the written police report was inadmissible as it had never been adopted by the defendant.

We first observe that the fact that the defendant did not adopt the written statement made by the police officer does not bar the officer from testifying about his recollection of defendant's statement and using the notes to refresh his memory if necessary. The admission of the defendant was properly allowed into evidence as it was not hearsay, under the definition of MRE 801(d)(2)(A).

Next, we note that the trial court correctly limited the scope of the *Walker* hearing to the

[2] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

issue of whether defendant's statement was voluntary. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974); *People v Robinson,* 386 Mich 551, 557; 194 NW2d 709 (1972). Once the statement was determined to be voluntary, however, it was admissible only if it was relevant and not unduly prejudicial.

This Court has recognized that the fact that a defendant's statement includes a reference to other crimes committed by the defendant does not bar the admission of the entire statement. *People v Hopper,* 21 Mich App 276, 279; 175 NW2d 889 (1970). Had the statements about other crimes been inextricably interwoven with defendant's admissions concerning other criminal activity, we believe that no portion of the statement could have been excised without rendering the whole meaningless. That was not, however, the case in the admission before us. Here, defendant's statements concerning the theft of $80,000 worth of heroin after the Stop and Go store was robbed could have been excised from the statement without changing the import of the defendant's denial or of the defendant's contention that he had no motive to rob the store. We, therefore, do not believe that the rule in *Hopper* necessarily permits the introduction of the entire statement.

Michigan courts have consistently ruled that portions of documents may be excised so that irrelevant or prejudicial information is not placed before the jury. *Socony Vacuum Oil Co v Marvin,* 313 Mich 528, 538-540; 21 NW2d 841 (1946); *People v Deblauwe,* 60 Mich App 103, 104-105; 230 NW2d 328 (1975). We see little difference between requiring the exclusion of a portion of a written document and requiring, as defendant here requests, the excision of a portion of a defendant's oral

statement. We, therefore, hold that a portion of a defendant's statement may be excluded by a trial judge acting in his discretion when that portion includes information that is irrelevant or unduly prejudicial.

In the case at bar, the objectionable portions of the statement involved evidence of other criminal activities of the defendant, specifically, defendant's involvement with controlled substances. Defendant argues on appeal that the admission of this portion of his statement should be governed by the standards set out in *Wilkins, supra,* p 265, which holds that evidence tending to show that a defendant committed other bad acts generally is inadmissible because its probative value is outweighed by the likelihood of impermissible prejudice. *Wilkins* sets forth three criteria for determining whether evidence of similar acts should be admitted: (1) whether there is substantial evidence that the defendant committed the previous offense; (2) whether some special circumstances of the previous act are probative of the present charge; and (3) whether the defendant's motive, intent, absence of mistake or accident, scheme, plan or system is material to the defendant's guilt of the present offense. 82 Mich App 267-268; *People v Bailey,* 101 Mich App 144, 151; 300 NW2d 474 (1980). These exceptions are embodied in MRE 404(b), which supersedes MCL 768.27; MSA 28.1050.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are

contemporaneous with, or prior or subsequent to the crime charged."

The enumerated exceptions in *Wilkins* and MRE 404(b) are not an exhaustive list of when evidence of other bad acts can be admitted, *People v Cramer,* 97 Mich App 148, 155; 293 NW2d 744 (1980), although they do underscore the necessity of applying a higher standard for determining the admissibility of evidence of other crimes than is appropriate for other, less prejudicial, evidence. This Court has summarized the appropriate standard:

"[T]o admit evidence under the so-called 'similar acts' doctrine it is necessary that the evidence of the defendant's other bad acts be substantial, relevant, and not unduly prejudicial to a matter which is material and in controversy in the case." *Cramer, supra,* p 156.

We believe that the rule of evidence and *Wilkins* apply broadly to include evidence of other crimes that is revealed in a statement made by a defendant to the police. In both *Wilkins* and MRE 404(b), there is no discussion about how the evidence of other crimes is to be placed before the jury. The protections afforded by the rule and case law seem applicable whether this information comes before the jury in the form of a victim's testimony, police records, or statements of the defendant himself. Accordingly, we now must apply the *Wilkins* test and the rule of evidence to determine whether defendant's statement was properly admitted *in toto.*

A portion of the statement involved defendant's possible sale of drugs. To the extent that this information bore on the credibility of the sales clerk who identified the defendant as the customer

who had attempted to sell him marijuana, this portion of the statement was highly relevant and not unduly prejudicial. Defendant's admission that he had been robbed of $80,000 worth of heroin, however, has no relevancy to the identification of the defendant as a seller of marijuana, and, therefore, the perpetrator of the robbery. Moreover, this information was potentially highly prejudicial. We conclude that the trial judge should have excluded that portion of the defendant's statement, as it did not satisfy the criteria established by the rule of evidence and *Wilkins, supra.*

Once error is found in the admission of evidence, we must determine whether the error was either so offensive to the maintenance of a sound judicial system that it requires reversal or, if not, whether the error was harmless beyond a reasonable doubt, *Bailey, supra.* We note that the reference to large scale heroin dealings was fleeting and the prosecution referred to defendant's drug enterprises only as they bore on the question of identity. We also observe that, at defense counsel's request, the jury was instructed on the limited purpose for which this testimony was admitted. We conclude that the error in admitting reference to defendant's heroin dealings was harmless beyond a reasonable doubt.

Defendant raises several additional arguments, none of which merits extensive discussion. First, he maintains that the prosecution impermissibly cross-examined him and two alibi witnesses about defendant's association with narcotics. We have examined the challenged testimony and believe that it was properly intended to support the identification of the defendant as the man who attempted to sell marijuana to the store clerk. This evidence was highly relevant and was properly admitted with a cautionary instruction.

We also believe that the prosecution could properly call a second store clerk as a rebuttal witness after defendant denied attempting to sell marijuana to the store's manager-trainee. This witness would have provided only cumulative testimony had he been called in the prosecution's case in chief. Once defendant denied making any attempt to sell marijuana at the store, however, the additional testimony became relevant.

Defendant also argues that the court erred in denying his motion for a mistrial, which was made after the prosecutor elicited testimony that showed that defendant was unemployed at the time of the robbery. While we believe the prosecutor's question was improper, *People v Andrews,* 88 Mich App 115; 276 NW2d 867 (1979), *lv den* 411 Mich 921 (1981), we believe that no undue prejudice resulted since the prosecutor did not attempt to show that defendant's unemployment was a motive for the robbery. Moreover, as defendant and his friends were students or on a summer break at the time of the robbery, there was little danger that a jury could be prejudiced by evidence of the unemployment. Accordingly, we do not believe that the judge erred in denying the defendant's motion for a mistrial.

Defendant also asserts that the verdict was against the great weight of the evidence. He properly preserved this issue for appellate review by moving for a new trial on this ground. The court denied the motion, observing that the jury had not believed the alibi defense and that he, too, found defendant's witnesses incredible. While we agree with the defendant that the discrepancies in the eyewitness's identification of the defendant raise some questions about the accuracy of the identification, we believe that the question of whether the

witness was believable was one for the jury. As we are not inclined to substitute our judgment for that of the reasonable trier of fact, we decline to find that the verdict was against the great weight of the evidence. *People v Atkins,* 397 Mich 163, 172; 243 NW2d 292 (1976).

Finally, we do not believe the defendant was prejudiced by the prosecutor's questioning concerning who actually committed the robbery. Defendant said at trial that he told the police he could learn the identity of the robbers if given an opportunity to make a few telephone calls, so we do not believe that the question alone suggested that defendant was consorting with criminals. We also note that there was a prompt objection to the question and defendant was never given an opportunity to answer or refuse to do so. We fail to see how defendant was prejudiced.

Affirmed.

M. F. CAVANAGH, P.J., concurred.

E. C. PENZIEN, J. *(concurring).* I concur in the result reached but write separately in regard to the issue of identity. Defense counsel argues that the proof of defendant's identity was so tenuous that the trial court's error in admitting evidence that defendant had been *robbed* of $80,000 worth of heroin could never be considered harmless. I disagree on three grounds.

First, it is not at all unusual to find people who are unable to describe accurately even those people who are very close to them. Secondly, the verbal description was given by the victim at a time when he was highly traumatized emotionally. His life had been threatened and he was left tied up in a back room. Thirdly, the victim had no

need, as he saw it, to be accurate about his verbal description since he told the officer that he knew the defendant well although he did not know defendant's name, but that the officer could find out the name by contacting Shandra Gilliard.

Accordingly, I find the error as to admission of evidence on the $80,000 worth of heroin harmless beyond any reasonable doubt and agree that defendant's conviction should be affirmed.