PEOPLE v WALLEN

1. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—INADVERTENT REFERENCE.

Prior convictions may not be introduced into evidence where a defendant does not take the stand in his own behalf, but an isolated or inadvertent reference to a defendant's prior criminal activities will not result in reversible error.

2. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—PREJUDICE—NEW TRIAL.

Deliberate and repeated efforts by a prosecutor to impress upon a jury that a defendant who has not chosen to testify has committed other crimes results in reversible prejudice and a new trial must be ordered.

3. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—PRESERVING QUESTION.

The improper introduction into evidence of a defendant's prior conviction is beyond cure by instruction to the jury; therefore, neither an objection nor a request for a curative instruction is necessary to preserve the issue for review.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 March 8, 1973, at Grand Rapids. (Docket No. 15319.) Decided May 25, 1973.

Glidden Wallen was convicted of forgery and uttering and publishing. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 135, 165 et seq., 473–475.
[2] 21 Am Jur 2d, Criminal Law §§ 173, 179, 211–216.
[3] 21 Am Jur 2d, Criminal Law § 475.

*Derengoski,* Solicitor General, and *Stanley Everett,* Prosecuting Attorney, for the people.

*James A. Fisher,* for defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and PETERSON,* JJ.

PER CURIAM. The defendant was convicted by a jury of forgery and of uttering and publishing pursuant to MCLA 750.248; MSA 28.445 and MCLA 750.249; MSA 28.446, respectively. He was sentenced to a term of from 5 to 14 years imprisonment and appeals.

Of the six issues raised by the defendant, we find one is persuasive and mandates a reversal: that is, defendant asserts that his prior criminal record was improperly placed before the jury.

At trial defendant did not take the stand. While it is true that where a defendant does not take the stand in his own behalf, his prior convictions may not be introduced into evidence,[1] an isolated or inadvertent reference to a defendant's prior criminal activities will not result in reversible prejudice. *People v McNutt,* 220 Mich 620 (1922). However, when there are deliberate and repeated efforts by the prosecutor to impress upon the jury that a defendant, who has not chosen to testify, has committed other crimes, reversible prejudice results and a new trial must be ordered. See for example *People v Van Wie,* 17 Mich App 77 (1969). Such is the case here.

During cross-examination of a defense witness, the following colloquy ensued between the witness and the prosecutor:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *See generally* 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 436, p 534.

*"Q. [By the assistant prosecutor]:* How did you know Mr. Wallen *[the defendant herein]?*

*"A.* I knew him through Marshall when I was in jail.

*"Q.* You were in jail *with him?*

*"A.* I was a trustee, he got sent to Jackson.

*"Q.* What were you sent to jail for?

*"A.* Assault and battery.

*"Q.* When were you in jail with Mr. Wallen?

*"A.* It's been over eight months ago.

*"Q.* This was after—

*"The Court:* I think you'd better not pursue this anymore. Go ahead." (Emphasis supplied.)

Defense counsel did not voice any objection to this line of questioning and on the following day declined the trial court's invitation for a curative instruction. However, the improper introduction of a defendant's prior conviction is beyond instructional cure. *People v Sullivan,* 32 Mich App 181 (1971). An objection and subsequent curative instruction would have only served to reinforce and amplify any prejudice the questioning had generated in the minds of the jurors concerning defendant's prior criminal record. Therefore an objection was not necessary to preserve the issue for review.

From an examination of the record it is readily apparent that the prosecutor's questioning of the defense witness regarding the defendant's prior criminal activities far from being isolated or inadvertent bordered on the deliberate. Therefore inasmuch as it is impossible to accurately measure the effect of this highly prejudicial testimony on the minds of the jurors, a new trial must be ordered.

Reversed and remanded for a new trial.