# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENNETH LEROY SUMMERS,

        Defendant-Appellant.

UNPUBLISHED
June 18, 2015

No. 320839
Oakland Circuit Court
LC No. 2013-245956-FC

Before: MARKEY, P.J., and OWENS and GLEICHER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (sexual penetration of a victim under age 13). The trial court sentenced defendant as a second habitual offender, MCL 769.13, to 25 to 40 years in prison as required by MCL 750.520b(2)(b). We affirm.

## I. FACTUAL BACKGROUND

The victim testified that defendant sexually assaulted her by anal penetration when she was 7½ years old in 2008. At the time of the assault, the victim resided in the same apartment complex as defendant and his family. The victim was a friend of defendant's young son, and the children often played at defendant's home. The charged offense occurred in defendant's home after defendant invited the victim inside.

## II. ADMISSION OF OTHER-ACTS EVIDENCE

### A. THE FIRST THREE OTHER-ACTS WITNESSES

At trial, the prosecutor called four witnesses who testified regarding prior sexual assaults defendant perpetrated against them; the trial court admitted their testimony under MCL 768.27a. Three of those witnesses testified that defendant sexually assaulted them approximately 20 years earlier, during 1989 to 1990, when they were between the ages of 8 and 10. One of these three witnesses, defendant's then stepdaughter, testified that she had been subjected to multiple and repeated instances of sexual abuse over a 1½- to 2-year period. The other two witnesses, childhood friends of defendant's stepdaughter, testified that defendant sexually abused them while they were in his home.

-1-

Defendant claims that the trial court abused its discretion by admitting the other-acts testimony pursuant to MCL 768.27a because the prejudicial effect of the testimony greatly outweighed its probative value. We disagree. We review the trial court's decisions regarding the admissibility of evidence for an abuse of discretion. *People v Duenaz*, 306 Mich App 85, 90, 98; 854 NW2d 531 (2014). An abuse of discretion occurs when a trial court's decision falls outside the range of principled outcomes. *Id.* We review de novo preliminary questions of law regarding the admission of evidence, including the application of a rule of evidence. *Id.*

In a criminal case in which the defendant is accused of committing a sex offense against a minor, MCL 768.27a permits the admission of evidence that defendant committed another sex offense against a minor "for its bearing on any matter to which it is relevant," including a defendant's propensity to commit the charged offense.[1] *People v Watkins*, 491 Mich 450, 469-470; 818 NW2d 296 (2012). But a trial court may still exclude evidence that is otherwise admissible under MCL 768.27a by applying the balancing test of MRE 403. *Watkins*, 491 Mich at 481. MRE 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice may exist when there is a danger that the jury will give marginally probative evidence undue or preemptive weight. *People v Mardlin*, 487 Mich 609, 627; 790 NW2d 607 (2010). Because MCL 768.27a is intended to permit the use of other-acts evidence to show a defendant's propensity to commit the charged crime, the court must weigh the propensity inference in favor of the evidence's probative value when determining whether evidence admissible under MCL 768.27a should be excluded under MRE 403. *Watkins*, 491 Mich at 470, 486-487, 492 n 92; *Duenaz*, 306 Mich App at 99. Stated differently, evidence admissible under MCL 768.27a may not be excluded under MRE 403 as unfairly prejudicial merely because it allows a jury to draw a propensity inference. *Watkins*, 491 Mich at 487. The *Watkins* Court identified the following factors for a trial court to consider when determining whether the other-acts evidence is unfairly prejudicial, including:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony." [*Id.* at 487-488.]

In the present case, we first find no abuse of discretion in the trial court's admission of the testimony of defendant's stepdaughter and two of her childhood friends who testified to sexual assaults perpetrated against them by defendant in his home during 1989 to 1990 when they were young girls between 8 and 10 years of age. The testimony of these witnesses was highly probative because it demonstrated defendant's propensity to sexually assault young girls,

---

[1] Defendant does not dispute that the witnesses testified that he committed a listed offense against them, as defined in MCL 28.722. See MCL 768.27a(2)(a).

presented similar circumstances to the charged offense,[2] and established defendant's modus operandi of sexually assaulting young girls in his home over whom he had gained a position of trust. The similarity of the prior and current offenses makes this testimony highly probative and the 20-year time span between the current and prior offenses does not render the testimony irrelevant. *Watkins*, 491 Mich at 487-488; *Duenaz*, 306 Mich App at 99-100.

Notably, when defendant's then stepdaughter lived with him during 1987 to 1989, he took advantage of the opportunity to assault not only his stepdaughter but also young girls who befriended her and played in his home. That opportunity arose again approximately 20 years later, in 2008, when his son lived with defendant and became friends with a young girl, the victim in the instant case, who often played at defendant's home. As he did in 1989 and 1990 with his stepdaughter's friends, defendant again used his position of trust as the father of the victim's friend to gain access to the victim and initiate sexual contact with her. Under these circumstances, we conclude that the high probative value of the other acts testimony outweighed any prejudice from the remoteness of the charged offense to the prior other acts. "The remoteness of the other act affects the weight of the evidence rather than its admissibility." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011) (citation omitted).

Moreover, there was a significant need for evidence beyond the victim's testimony. As is often the case in sexual assault cases, defendant's trial strategy was to attack the victim's credibility, making the other acts testimony describing defendant's similar sexual assaults on other young girls age 10 and under highly probative to rebut the attack on the credibility of the victim, the only witness to the assault, and to bolster the veracity of her testimony. *Watkins*, 491 Mich at 492 (holding that other-acts evidence is "highly probative for rebuttal purposes" and "to support the victim's credibility" when the defense trial strategy is to attack the victim's credibility).

Given the significantly high probative value of the prior other acts testimony, the similarity of the circumstances underlying the prior and charged offenses, the frequency of the prior assaults, the lack of anything indicating that the other acts testimony lacked reliability, and the important need for the other acts testimony to rebut the attack on the victim's credibility, we conclude that the trial court did not abuse its discretion in permitting the other acts testimony under MCL 768.27a. *Duenaz*, 306 Mich App at 98-100. In light of the propensity inference permitted under MCL 768.27a and the factors identified in *Watkins*, we conclude the trial court's determination that the evidence should not be excluded under MRE 403 was certainly within the range of principled outcomes. *Watkins*, 491 Mich at 467; *Duenaz*, 306 Mich App at 98.

---

[2] Similarly to the victim in this case, who was 7½ years old, defendant perpetrated the assaults against them when they were also very young, between the ages of 8 and 10. Like the victim in this case, who was a neighborhood friend of defendant's son and was assaulted in defendant's home, two of those women were also neighborhood friends of defendant's stepdaughter. They were in defendant's home because of their friendship with his stepchild/child. Further, defendant's stepdaughter, who suffered multiple, repeated instances of sexual assault, recalled an act of anal penetration strikingly similar to the assault described by the victim in this case.

B.  THE FOURTH OTHER-ACTS WITNESS

The fourth other-acts witness testified that in 2004, when she was 17, defendant approached her on numerous occasions and made inappropriate sexual comments to her while she was working at Farmer Jack's.

We likewise conclude that the trial court did not abuse its discretion in permitting the testimony of the fourth other acts witness.  We recognize that in many respects defendant's conduct toward this witness lacks similarity to the charged crime.  But the testimony was relevant to show defendant's "continued interest in young females" and "his continued plan and motive for sexually assaulting" young girls.  Even more importantly, it helps to bridge the gap in time between the 1989 and 1990 sexual assaults and the current 2008 offense, which makes it more probable that he committed the instant offense.  Under MCL 768.27a, evidence that defendant committed another sexual offense against a minor may be considered for its bearing on any matter to which it is relevant.  *Watkins*, 491 Mich at 469-470.

In considering both the trial court's decision to admit the evidence in light of the balancing analysis under MRE 403 and the factors identified by *Watkins*, we conclude that the trial court did not abuse its discretion because the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice.  MRE 403; *Watkins*, 491 Mich at 487-488.  Defendant's acts against this fourth other acts witness were frequent—defendant approached her on over 20 occasions.  The incident, which occurred in 2004, was closer in time to the alleged criminal sexual conduct at issue, which occurred in 2008, than the 1989 and 1990 assaults.  The reliability of the fourth witness's testimony was supported by the PPO she contemporaneously obtained against defendant.  Finally, the prosecution used this testimony to bridge the time gap between the current and the prior offenses that occurred almost 20 years before the current offense to show defendant's continued interest in sexually pursuing minor girls.  Considering these factors, and weighing the propensity inference in favor of the testimony's probative value rather than its prejudicial effect, *Watkins*, 491 Mich at 487-488, we conclude that the trial court's decision to admit this testimony under MCL 768.27a does not fall outside the range of principled outcomes.[3]  *Duenaz*, 306 Mich App at 98.

While the trial court did not conduct an MRE 403 balancing analysis on the record, the trial court's failure to do so was harmless because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.  See *Watkins*, 491 Mich at 491.  The court is presumed to know the law, *People v Gaines*, 306 Mich App 289, 303 n 8; 856 NW2d

---

[3] We further note that any danger of unfair prejudice was minimized by the trial court's proper instruction to the jury in accordance with standard jury instruction CJI2d 20.28a, instructing the jury not to convict defendant solely because of his other acts of sexual misconduct.  "In cases in which a trial court determines that MRE 403 does not prevent the admission of other-acts evidence under MCL 768.27a, this instruction is available to ensure that the jury properly employs that evidence."  *Watkins*, 491 Mich at 490.  "[J]urors are presumed to follow their instructions."  *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

222 (2014), and the written motions as well as oral argument by the parties made the court aware that other-acts evidence admissible under MCL 768.27a is subject to the balancing test of MRE 403. Findings "are sufficient as long as it appears that the trial court was aware of the issues in the case and correctly applied the law." *People v Legg*, 197 Mich App 131, 134; 494 NW2d 797 (1992). Also, when considering MRE 403, "a trial court need not state on the record how it balanced the prejudicial effect and probative value." *Gaines*, 306 Mich App at 303 n 8. Error warranting reversal will not be found where the trial court reaches the correct result even if for the wrong reason. *People v Jory*, 443 Mich 403, 425; 505 NW2d 228 (1993).

## II. SUFFICIENCY OF THE EVIDENCE

Defendant next claims that the evidence was insufficient to sustain his conviction because the victim's testimony contained inconsistencies and lacked credibility. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Malone*, 287 Mich App 648, 654; 792 NW2d 7 (2010). We consider the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Id.* "The reviewing court must draw all reasonable inferences and examine credibility issues in support of the jury verdict." *Id.* It is the trier of fact, not the appellate court, which determines the inferences to draw from the evidence and the weight to give those inferences. *Id.*; *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). On appellate review, we will not interfere with the jury's role as the sole judge of the facts. *Malone*, 287 Mich App at 654.

Defendant was convicted of first-degree criminal sexual conduct. MCL 750.520b(1)(a); MCL 750.520b(2)(b). To establish this charge, the prosecution must prove beyond a reasonable doubt that defendant was at least 17 years of age and engaged in sexual penetration of the victim when she was less than 13 years of age. *Id.*; *People v Eisen*, 296 Mich App 326, 330; 820 NW2d 229 (2012). The victim's testimony need not be corroborated to sustain a criminal sexual conduct conviction. MCL 750.520h.

The victim testified that in March 2008, when she was 7½ years old, she went to the home of her young friend, who resided with defendant and his mother in the same apartment building as the victim. The victim testified that defendant, the father of her friend, invited her inside, asked the victim if she has ever been "touched," "pulled out" his penis, and told her to put it in her mouth. According to the victim, after she refused, defendant approached her with his penis exposed; she tried to "scooch" away from him. He kept coming closer, but she "smacked" his penis away. The victim testified that defendant then "grabbed her" and removed her pants and underwear, put her on his lap with his pants off and her facing away from him, and started "humping," "anally sexualizing," or "putting his penis up" her "butt" and "moving [her] up and down." The victim testified that it felt "very painful," and she started screaming for help and pinching defendant's hands. He stopped when someone knocked on the door. From this testimony, a rational jury could reasonably conclude beyond a reasonable doubt that defendant committed first-degree criminal sexual conduct by anally penetrating the victim when she was under 13 years of age. Although, as defendant asserts, there were some inconsistencies in the victim's testimony, it is the jury's role of the jury to weigh the evidence and credibility of witnesses. We "will not interfere with the trier of fact's role of determining the weight of the

evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Accordingly, we must defer to the jury's credibility determination which clearly reflects that it believed the victim. Moreover, viewing the evidence in the light most favorable to the prosecution, we conclude that the victim's testimony was legally sufficient to sustain defendant's conviction.[4] *Malone*, 287 Mich App at 654.

### III. MOTION FOR MISTRIAL

In a supplemental brief filed in propria persona pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4, defendant claims that the trial court abused its discretion in denying his motion for a mistrial after the prosecution's witness began to make a reference to defendant's criminal record during direct examination. We disagree.

The trial court's grant or denial of a mistrial will not be reversed on appeal in the absence of an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). The court abuses its discretion when its decision falls outside the range of principled outcomes. *Id*.

In answering the prosecutor's questions concerning what the witness did in response to defendant's approaching her, the witness volunteered that she sought a PPO after "we Googled his name and seen that he had a criminal." At that point, defense counsel promptly objected, and the court sustained the objection. The prosecutor made no further reference to defendant's criminal record. Defense counsel subsequently moved for a mistrial arguing that the witness's stating that defendant had a criminal record prejudiced him and denied him a fair trial.

A mistrial is properly granted only when an error or irregularity is so prejudicial that it impairs the defendant's ability to get a fair trial. *Schaw*, 288 Mich App at 236. "[A] mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way." *People v Lumsden*, 168 Mich App 286, 299; 423 NW2d 645 (1988). Generally, evidence of a prior conviction may not be admitted when its relevance is limited to show a defendant is a bad man or has a propensity to commit crimes. See *People v Allen*, 429 Mich 558, 568-569; 420 NW2d 499 (1988). But "an unresponsive, volunteered answer to a proper question is not grounds for the granting of a mistrial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995); *People v Kelsey*, 303 Mich 715, 717; 7 NW2d 120 (1942) ("A voluntary and unresponsive statement does not normally constitute error.").

---

[4] While defendant points out inconsistencies in the victim's version of the details surrounding the alleged sexual assault, he does not allege that her testimony regarding the actual sexual assault conflicted with her prior preliminary examination testimony or her statements to the forensic interviewer. Further, the expert on forensic interviewing and child sexual abuse, who testified on behalf of the prosecution, indicated that there "definitely can be inconsistencies" in a child's statements about the abuse which happen for a variety of reasons. Regardless, these inconsistencies go to the credibility of the victim and it is the role of the jury, not this Court to determine the weight of the evidence and credibility of witnesses. *Malone*, 287 Mich App at 654; *Kanaan*, 278 Mich App at 619.

The record indicates that the witness volunteered the brief and unsolicited reference to defendant's criminal record in response to the prosecutor's proper question.[5] Nothing in the record suggests, nor does defendant argue, that the prosecutor acted in bad faith and "clearly anticipated or hoped for" the witness to reveal defendant's criminal record or that her testimony was "calculated to prejudice the minds of the jurors against" defendant. See *People v Greenway*, 365 Mich 547, 549; 114 NW2d 188 (1962). Further, nothing suggests that the witness was in a position to know that her reference to defendant's criminal record was improper. See *Haywood*, 209 Mich App at 228. Moreover, the reference was brief and isolated and did not suggest any details about defendant's criminal history, and the subject of his criminal record was not pursued any further. While reversal will be warranted where a prosecutor deliberately attempts to prejudice a defendant with evidence the defendant has committed other crimes, "an isolated or inadvertent reference to a defendant's criminal activities will not result in reversible prejudice." *People v Wallen*, 47 Mich App 612, 613; 209 NW2d 608 (1973). In light of the fact that the jury was already aware through the proper admission of evidence under MCL 768.27a that defendant had previously committed sexual offenses, the brief non-responsive reference to his criminal record did not impair defendant's ability to get a fair trial. *Schaw*, 288 Mich App at 236. Finally, the trial court instructed the jury in its final instructions not to consider any excluded evidence or stricken testimony and to decide the case only on properly admitted evidence. We presume the jury followed the trial court's instructions; therefore, we find no abuse of discretion in the trial court's denial of defendant's motion for a mistrial.

We affirm.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Elizabeth L. Gleicher

---

[5] Defendant does not contend that the prosecutor's questions about the PPO were improper.