# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

EMMET MICHAEL BRIM,

      Defendant-Appellant.

UNPUBLISHED
November 21, 2017

No. 333473
Oakland Circuit Court
LC No. 2015-256540-FH

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of third-degree fleeing and eluding a police officer, MCL 257.602a(3). The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to 3 to 20 years' imprisonment. We affirm.

## I. PROSECUTORIAL MISCONDUCT

Defendant contends that the prosecutor committed misconduct when she elicited testimony that exposed defendant's status as a probationer to the jury. We disagree.

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). "[A]llegations of prosecutorial misconduct are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). "Curative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009).

"Unresponsive answers from witnesses are generally not prosecutorial error." *People v Jackson*, 313 Mich App 409, 427; 884 NW2d 297 (2015); see also *People v Waclawski*, 286 Mich App 634, 710; 780 NW2d 321 (2009) (discussing an unresponsive answer to a proper question).

Defendant takes issue with the testimony of defendant's girlfriend, Angela Johnson, who mentioned "[defendant's] probation officer." The prosecutor had presented evidence that defendant fled the police after being observed trying to break into Johnson's home, but Johnson denied at trial that any attempted break-in had happened and stated that her home had been

"peaceful" that night. Johnson also testified that defendant had been driving a van that day, although the fleeing had purportedly occurred in a car.

The prosecutor carefully articulated the question regarding whether Johnson knew Angela Brooks (the probation officer)—never purposefully eliciting what Brooks's occupation was. Specifically, the prosecutor only asked if Johnson "recogniz[ed] the name Angela Brooks," and when Johnson denied knowing that name, the prosecutor attempted to reframe the question so as to stir Johnson's memory by asking, "Did you . . . accompany [defendant] to meet with a woman named Angela Brooks?" Johnson then unresponsively stated, "Oh, his probation officer. Is that what you're speaking -- referring to?" The prosecutor then simply asked again, "do you recognize the name Angela Brooks?" The prosecutor proceeded to inquire of the witness whether she had told Angela Brooks that "the police blew all of this out of proportion[.]"

The prosecutor's question that followed the challenged statement demonstrates the prosecutor's purpose for asking the question. The prosecution was attempting to obtain more details regarding what Johnson knew about the incident and attempting to call Johnson's credibility into question.

A "prosecutor's good-faith effort to admit evidence does not constitute misconduct." *People v Ackerman*, 257 Mich App 434, 448; 669 NW2d 818 (2003). After Johnson blurted out that Brooks was defendant's probation officer, the prosecutor appeared to stumble over her words, showing that she was surprised by, and had not intended, that answer. The prosecutor followed up after the unresponsive answer, "Do you -- do you refer to -- do you recognize the name Angela Brooks?" It is evident that the prosecutor's question had a valid purpose other than to elicit defendant's criminal history, and did not result in prosecutorial misconduct. See *id*. Additionally, the inference that defendant had a criminal record could only come from this one occurrence, because the prosecutor did not discuss defendant's prior criminality at any time, including during closing argument. See *People v Wallen*, 47 Mich App 612, 613; 209 NW2d 608 (1973) (stating that "[a]n isolated or inadvertent reference to a defendant's prior criminal activities will not result in reversible prejudice"). In addition, notwithstanding the fact that the question was proper, a timely objection and request for a curative instruction could have cured any perceived prejudice, and defendant made no such request for a curative instruction.[1] See *Bennett*, 290 Mich App at 476. We find no basis for reversal.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his trial attorney was ineffective for failing to call an expert witness who could discuss the fallibility of eyewitness testimony. We disagree.

Defendant did not move in the trial court for a new trial or a *Ginther*[2] hearing. However, defendant filed a motion in this Court to remand for a *Ginther* hearing. This Court denied

---

[1] Defense counsel merely asked that the prosecutor be "limited" in the questions she could ask of the witness.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

defendant's motion because he failed to demonstrate that further factual development of the record or an initial ruling by the trial court was necessary for this Court to review the issues on appeal.[3]

"A claim of ineffective assistance of counsel presents a mixed question of law and fact." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011). "This Court reviews a trial court's findings of fact, if any, for clear error, and reviews de novo the ultimate constitutional issue arising from an ineffective assistance of counsel claim." *Id*. A finding is clearly erroneous if "the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014) (quotation marks and citation omitted). Because of defendant's failure to move for a new trial or hearing in the trial court and because of our denial of the motion to remand, we review the present issue for errors apparent on the existing record. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008); *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

"To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance." *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (quotation marks and citation omitted).

Defense counsel's performance was objectively reasonable, in that he aggressively challenged the identification of defendant during cross-examination. In *People v Cooper*, 236 Mich App 643, 658; 601 NW2d 409 (1999), the defendant's attorney "elicited apparent discrepancies and arguable bases for regarding [the] identification of defendant . . . to be suspect." The *Cooper* Court determined that trial counsel's decision to challenge the identification through cross-examination, and not to use an expert witness to discuss the challenge, was not a basis for a successful claim of ineffective assistance of counsel. *Id*.

Here, defense counsel challenged the identification of defendant in several respects. Just as in *Cooper*, defense counsel's decision to thoroughly cross-examine the witnesses to attack the identification of defendant, instead of presenting expert testimony in this regard, did not fall below an objectively reasonable standard.

There is a strong presumption that defense counsel employed effective trial strategy, and we "will not substitute our judgement for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (quotation marks and citation omitted). "Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Defendant has not overcome the presumption of sound trial strategy. See *Cooper*, 236 Mich App at 658 (stating that, as a

---

[3] See *People v Brim*, unpublished order of the Court of Appeals, entered January 4, 2017 (Docket No. 333473).

matter of strategy, "[t]rial counsel may reasonably have been concerned that the jury would react negatively to perhaps lengthy expert testimony that it may have regarded as only stating the obvious: memories and perceptions are sometimes inaccurate").

Notwithstanding defense counsel's objectively reasonably performance, defendant is unable to demonstrate that he was prejudiced by not having an expert testify. "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *Russell*, 297 Mich App at 716 (quotation marks and citation omitted). "A substantial defense is one that might have made a difference in the outcome of the trial." *Jackson*, 313 Mich App at 432 (quotation marks and citations omitted). Defendant has not put forth any offer of proof that an expert witness would have testified in any specific manner, nor that the jury would have found the testimony helpful for defendant. The prosecutor presented unequivocal identification testimony[4] and defendant has not indicated how an expert would have effectively countered this.

Affirmed.


/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

[4] We note, also, that a search of the registration for the car in which defendant had been fleeing revealed that the car was associated, by way of the registration address, with defendant.