*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT ERNEST LEVERSEE,

Defendant-Appellant.

UNPUBLISHED
November 14, 2024
9:52 AM

No. 365568
Van Buren Circuit Court
LC No. 2022-023922-FH

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of delivery of methamphetamine, MCL 333.7401(2)(b)(*i*). Defendant was sentenced to 72 months' to 20 years' imprisonment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's charges arise out of selling methamphetamine to two confidential informants (CI). The CIs set up a controlled purchase and wore recording devices during the exchange. At trial, the CIs both testified that one of them knew defendant beforehand because he "did a little time" with defendant. Defense counsel did not object, and the jury found defendant guilty of delivery of methamphetamine. After sentencing, defendant moved for a new trial, arguing his counsel was ineffective for failing to object to the statements about his criminal history, which the trial court denied. Defendant now appeals.

## II. STANDARD OF REVIEW

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). "Findings of fact are reviewed for clear error, while constitutional determinations are reviewed de novo." *Id*. (quotation marks and citation omitted). "A finding is clearly erroneous if this Court is left with a definite and firm conviction that the trial court made a mistake." *Id*. at

-1-

227-228 (quotation marks and citation omitted.) When no *Ginther*[1] hearing is held, this Court's review is "limited to mistakes apparent from the record." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014).

## III. ANALYSIS

Defendant argues that his trial counsel was ineffective for failing to object to the two statements about his "jail history." We disagree.

> In order to establish the right to a new trial premised on ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*Abcumby-Blair*, 335 Mich App at 228.]

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citations omitted). "Effective assistance of counsel is presumed and defendant bears the burden of proving otherwise." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Id*. at 411. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Id*. (quotation marks and citation omitted).

Defendant contends trial counsel should have objected after one CI testified that he knew defendant before the controlled sale, because "[they] did a little time in Van Buren County together," while the other CI testified that the other CI "met [defendant] through jail, which is what I was told from him[.]"

In denying defendant's motion for a new trial, the trial court reasoned that "[b]oth references to jail were fleeting and vague[,] and isolated or inadvertent reference to a defendant's prior criminal activities will not result in reversible prejudice." We agree. The CIs' inadvertent, vague, nonspecific references to defendant being in jail did not unduly prejudice defendant. See, e.g., *People v Wallen*, 47 Mich App 612, 613; 209 NW2d 608 (1973) ("While it is true that where a defendant does not take the stand in [sic] his own behalf, his prior convictions may not be introduced into evidence, an isolated or inadvertent reference to a defendant's prior criminal activities will not result in reversible prejudice.").

This is particularly true in light of the other evidence presented at trial, which was more than sufficient to support defendant's convictions. For instance, the video taken by the CIs during the transaction shows defendant throwing three bags of white powder on the table one after the other, demonstrating defendant was, in fact, a participant in the exchange. Defendant has not proven that, had counsel objected, the result of the proceedings would have been different. *Abcumby-Blair*, 335 Mich App at 228. Because defendant has failed to establish the prejudice

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

element of his ineffective-assistance-of-counsel claim, we need not address whether counsel's performance fell below an objective standard of reasonableness. *Id*.

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron